**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CAROL H. STEWART,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| v. | ] | 2:17-cv-01423-KOB |
| | ] | |
| **HARTFORD LIFE & ACCIDENT** | ] | |
| **INSURANCE COMPANY,** | ] | |
| | ] | |
| **Defendant.** | ] | |

### MEMORANDUM OPINION

Plaintiff Carol Stewart sues Defendant Hartford Life & Accident Insurance Company based on Hartford's denial of her applications for long term disability benefits and waiver of life insurance premiums, which she contends violates the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. 1). She seeks recovery of the long term disability and waiver of premium benefits ("Count One"); damages for breach of fiduciary duty ("Count Two"); and reinstatement of her waiver of premium benefits ("Count Three").

Hartford moves to dismiss Count Two. (Doc. 13). Ms. Stewart opposes the motion to dismiss but moves, in the alternative, to amend the complaint. (Doc. 18). The court WILL GRANT the motion to dismiss Count Two because ERISA does not permit a plaintiff to seek equitable relief if the allegations supporting the claim for equitable relief would also support a claim for recovery of benefits. The court WILL DENY AS FUTILE the alternative motion to amend.

### I.  BACKGROUND

Because this motion seeks to dismiss a claim, the court must accept as true the allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of*

*Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Ms. Stewart alleged in her complaint that, from 1983 until March 2013, she worked as an attorney for the law firm Burr & Forman LLP. Burr & Forman provides employees like Ms. Stewart a welfare benefit plan that includes long term disability benefits and life insurance benefits. By 2013, Hartford was administering Burr & Forman's benefits plan.

In 2007, while working for Burr & Forman, Ms. Stewart was diagnosed with Parkinson's disease. She alleges that, in 2012, she became "totally disabled" as that term is defined by the long term disability policy. In the same year, she applied for two benefits under the plan: (1) long term disability benefits, and (2) waiver of life insurance premium benefits. Hartford denied her application for long term disability benefits. As to Ms. Stewart's application for waiver of life insurance premiums, Hartford initially denied the application, later determined that she was eligible for that benefit, and finally terminated her waiver of premium benefits.

Ms. Stewart contends that Hartford erroneously denied her application for long term disability benefits and engaged in improper claims procedures in denying her application for, and appeal from the denial of, waiver of premium benefits. She also contends that Hartford breached its fiduciary duties by failing to follow the claims review procedure and by wrongfully denying Ms. Stewart's claim for waiver of premium benefits.

She asserts three causes of action under ERISA: (1) recovery of benefits, pursuant to ERISA § 502(a)(1)(B) ("Count One"); (2) breach of fiduciary duty, pursuant to ERISA § 502(a)(3) ("Count Two"); and (3) reinstatement of her waiver of premium benefits, pursuant to ERISA § 502(a)(1)(B).[1]

---

[1] Section 502 of ERISA is codified at 29 U.S.C. § 1132. Section 502(a)(1)(B) of ERISA is 29 U.S.C. § 1132(a)(1)(B); ERISA § 502(a)(3) is 29 U.S.C. § 1132(a)(3). For simplicity's sake, the court will, wherever possible, refer to ERISA § 502 instead of 29 U.S.C. § 1132.

## II.     DISCUSSION

Hartford moves to dismiss Count Two of Ms. Stewart's complaint. (Doc. 13). Ms. Stewart opposes that motion, but requests, in the alternative, that this court grant her leave to amend the complaint. (Doc. 18). The court will address each motion in turn.

1. Motion to Dismiss Count Two

Hartford moves to dismiss only Count Two of Ms. Stewart's complaint. (Doc. 13). It contends that Count Two, the claim for breach of fiduciary duty under § 502(a)(3), is a claim for equitable relief that a plaintiff cannot sustain when she can also seek recovery of benefits under § 502(a)(1)(B) based on the same factual allegations.

This case arises under ERISA, which "protects employee pensions and other benefits . . . by setting forth certain general fiduciary duties applicable to the management of both pension and nonpension benefit plans." *Varity Corp. v. Howe*, 516 U.S. 489, 496 (1996). The two paragraphs of ERISA relevant to this case are § 501(a)(1)(B) and § 501(a)(3). Section 501(a)(1)(B) provides that a participant or beneficiary of a plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1129(a)(1)(B). Section 501(a)(3) provides that a participant, beneficiary, or fiduciary may bring a civil action "to obtain other appropriate equitable relief (i) to redress [violations of any provision of this subchapter or the terms of the plan], or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C § 1132(a)(3).

The Supreme Court has explained that § 501(a)(3) is a "catchall" provision that offers "appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere

adequately remedy." *Varity*, 516 U.S. at 512. The Eleventh Circuit has interpreted *Varity* to mean that the only question in determining whether a plaintiff may bring a § 502(a)(3) claim for equitable relief is "whether the allegations supporting the Section 502(a)(3) claim [are] also sufficient to state a cause of action under Section 502(a)(1)(B), regardless of the relief sought." *Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004).

If the claims are based on *different* factual allegations, a plaintiff may raise both a § 502(a)(1)(B) claim for recovery of benefits and a § 502(a)(3) claim for equitable relief, as long as no other section of ERISA provides an adequate remedy for the facts supporting the § 502(a)(3) claim. *See id.* at 1073–74. But a plaintiff may not raise both a § 502(a)(1)(B) and a § 502(a)(3) claim based on the same factual allegations, even as alternatives to each other. *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003); *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088–89 (11th Cir. 1999); *see also Jones*, 370 F.3d at 1073.

Ms. Stewart's complaint raises two § 502(a)(1)(B) claims: Count One, seeking recovery of the long term disability benefits and the waiver of life insurance premium benefits; and Count Three, seeking reinstatement of her waiver of premium benefits. (Doc. 1 at 77–80). Both of those claims relate to Hartford's purportedly erroneous denial of those benefits. The complaint raises one § 502(a)(3) claim: Count Two, seeking monetary damages for breach of fiduciary duty. That claim relates to Hartford's purportedly improper termination of Ms. Stewart's waiver of life insurance premiums after having approved that benefit.

The court agrees with Hartford that ERISA § 502(a)(1)(B) provides an adequate remedy for the violations alleged in Count Two. The factual allegations underlying all three counts are the same—Ms. Stewart contends that Hartford used improper claims handling processes,

4

resulting in the erroneous denial and termination of benefits to which she was entitled. Section 502(a)(1)(B) provides an adequate remedy for *all* of those allegations by permitting a plan beneficiary "to recover benefits due to [her] under the terms of his plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1129(a)(1)(B).

Ms. Stewart asserts that Counts One and Three are based on different factual allegations than Count Two because Counts One and Three stem from Hartford's erroneous *interpretation* of the plan and the policies, while Count Two stems from Hartford's *manner* of processing claims. (Doc. 17 at 8–10). The court finds that argument unpersuasive. At their base, all of Ms. Stewart's claim stem from the same factual allegations—that she qualifies for benefits that Hartford wrongfully denied. Whether the wrongful denial was based on an erroneous interpretation of Hartford's policies or improper claims handling makes no difference in determining whether § 502(a)(1)(B) provides an adequate remedy for those denials.

Ms. Stewart also argues that, because she seeks different forms of *relief* under each count (recovery of benefits in Count One, monetary damages in Count Two, and reinstatement of waiver of premiums in Count Three), § 502(a)(1)(B) fails to provide an adequate remedy for Count Two. (Doc. 17 at 16–27). The Eleventh Circuit has rejected the argument that, for ERISA purposes, "relief" corresponds to "remedy." *See Jones*, 370 F.3d at 1073.

In *Jones*, the Eleventh Circuit stated that "the relevant concern . . . was whether the plaintiffs also had a cause of action, based on the same allegations, under Section 502(a)(1)(B) or ERISA's other more specific remedial provisions. . . . The relief that the plaintiffs sought in their complaint was not relevant to this inquiry." *Jones*, 370 F.3d at 1073. Because the factual allegations supporting Count Two are sufficient to state a cause of action under § 502(a)(1)(B)

5

for recovery of benefits—and Count One, in fact, seeks recovery of the waiver of premium benefits—that Ms. Stewart seeks monetary damages instead of recovery of benefits is irrelevant.

Finally, Ms. Stewart contends that the Supreme Court's decision in *CIGNA Corporation v. Amara* means that a plaintiff may bring a § 502(a)(3) claim based on the same facts, if the injuries alleged and remedies sought are different. (Doc. 17 at 30–31). She misreads *Amara*.

In *Amara*, the district court found that a plan administrator had violated various sections of ERISA by misrepresenting the terms of a new pension plan. 563 U.S. 421, 431–32 (2011). The district court, citing to § 502(a)(1)(B), reformed the plan and ordered the plan administrator to enforce the reformed plan. *Id.* at 435. The Supreme Court held that § 502(a)(1)(B) does not authorize a court to reform a pension plan because that paragraph of ERISA permits only recovery of benefits, enforcement of rights under the terms of the plan, or clarification of rights to future benefits under the terms of the plan. *Id.* at 435. But the Court remanded for the district court to consider whether it could, instead, reform the plan under § 502(a)(3). *Id.* at 438. In doing so, the Court stated in dicta that equitable remedies included imposition of monetary damages for a loss resulting from a breach of fiduciary duty. *Id.* at 441.

*Amara* does not authorize a plaintiff to seek equitable relief *and* recovery of benefits based on the same factual allegations. To the contrary, the Supreme Court remanded the case for consideration of whether equitable relief under § 502(a)(3) was appropriate *because* it found that the plaintiffs lacked a remedy under § 502(a)(1)(B). *See Amara*, 563 U.S. at 438 ("If § 502(a)(1)(B) does not authorize entry of the relief here at issue, what about nearby § 502(a)(3)?"). Here, all of Ms. Stewart's factual allegations support claims under § 502(a)(1)(B), so she cannot bring a claim under § 502(a)(3). The court WILL GRANT Hartford's motion to dismiss Count Two.

2. Motion to Amend the Complaint

Ms. Stewart requests that, if this court finds Count Two lacking, the court permit her to amend her complaint to "cure any deficiencies." (Doc. 18 at 2). Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). But the court need not permit amendment where amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment is futile "when the complaint as amended would still be properly dismissed." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

The court notes that Ms. Stewart failed to file a proposed amended complaint setting out *how* she would cure the deficiencies in Count Two. *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006) ("[T]he movant must either attach a copy of the proposed amendment to the motion or set forth the substance thereof."). She contends that her response to Hartford's motion to dismiss contains the details that she would add if this court granted her leave to amend the complaint. (Doc. 24 at 5). None of the details set out in her briefing change this court's conclusion that ERISA bars her claim for equitable relief in Count Two because § 502(a)(1)(B) provides an adequate remedy for her factual allegations. As a result, the court WILL DENY AS FUTILE Ms. Stewart's motion to amend the complaint.

**III. CONCLUSION**

The court WILL GRANT the motion to dismiss Count Two, and WILL DENY AS FUTILE Ms. Stewart's motion to amend her complaint. The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this 30th day of May, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE