

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CAROL H. STEWART, | ] |
| Plaintiff, | ] |
| v. | ] 2:17-cv-01423-KOB |
| HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, | ] |
| Defendant. | ] |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff Carol Stewart's "Motion for Reconsideration/Relief from Judgment" (doc. 42) regarding this court's dismissal of her claim for breach of fiduciary duty against Defendant Hartford, and denial of her alternative motion to amend her complaint. (Doc. 38).

For the reasons explained below, the court **DENIES** Ms. Stewart's motion for reconsideration.

### I. STANDARD OF REVIEW

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267–68 (N.D. Ala. 2006). Motions for reconsideration should not be a "'knee-jerk reaction to an adverse ruling.'" *Id.* (quoting *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M. D. Ala. 2003)). Neither

should they be "a platform to relitigate arguments previously considered and rejected." *Reuter*, 440 F. Supp. 2d at 1268 n. 9. Rather, they should be "only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center*, 294 F. Supp. 2d at 1355.

## II. DISCUSSION

Hartford moved this court to dismiss Count Two of Ms. Stewart's complaint, arguing that the claim for breach of fiduciary duty under § 502(a)(3) is a claim for equitable relief that a plaintiff cannot sustain when she can also seek recovery of benefits under § 502(a)(1)(B) based on the same allegations. (Doc. 13). This court agreed with Hartford and dismissed Count Two.

Now, Ms. Stewart argues that the court misconstrued her claims, misinterpreted Eleventh Circuit case law, and reached an incorrect conclusion in its Memorandum Opinion dismissing her breach of fiduciary duty claim. In her motion for reconsideration, Ms. Stewart spends a great deal of time explaining how Hartford breached its fiduciary duties to Ms. Stewart, and how the company illegally benefited from that breach. By doing so, she attempts to differentiate that claim from those within Counts One and Three, which seek to "recover benefits due to her and to enforce her rights under the plan" (Count One) and "injunctive relief to reinstate her Waiver of Premium benefits" (Count Three). (Doc. 1 at 77–

80). She further argues that the court performed "no analysis" "regarding the adequacy of the remedies for the breach of fiduciary claims" in reaching the erroneous conclusion that § 502(a)(1)(B) provides an adequate remedy for those claims.

Despite Ms. Stewart's lengthy attempt to persuade the court otherwise, the court remains convinced of the following: 1) Ms. Stewart's allegations supporting her § 502(a)(3) claim "were also sufficient to state a cause of action under § 502(a)(1)(B), regardless of the relief sought, and irrespective of [Ms. Stewart's] allegations supporting [her] other claims." *Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1073–74 (11th Cir. 2004); and 2) ERISA § 502(a)(1)(B) provides an adequate remedy for the breach of fiduciary duty alleged in Count Two. Therefore, Ms. Stewart did not state a claim under § 502(a)(3) for which relief can be granted.

The court now restates its analysis as succinctly as possible. To begin, Ms. Stewart makes various allegations to support her claim for breach of fiduciary duty. *See, e.g.* (Doc. 17 at 9–20). However, all her allegations address the manner in which Hartford intentionally organized its claims handling practices so as to deny Ms. Stewart's benefits, and how Hartford was unjustly enriched by the denial of those benefits. Assuming these allegations are true, these actions would

constitute a breach of fiduciary duty, and § 502(a)(3) *could* provide the pathway for such a cause of action.

However, well-developed case law in this Circuit demonstrates that to determine whether Ms. Stewart has stated a claim under § 502(a)(3), this court must consider "whether the allegations supporting the § 502(a)(3) claim were also sufficient to state a cause of action under § 502(a)(1)(B), *regardless of the relief sought*, and *irrespective of* [*Ms. Stewart's*] *allegations supporting* [*her*] *other claims*." *Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1073–74 (11th Cir. 2004) (emphasis added). If so, then Ms. Stewart failed to state a claim for which relief can be granted, and the court must dismiss the claim.

So, the court must put aside the relief that Ms. Stewart seeks, as well as the allegations supporting her other claims, and ask whether Ms. Stewart's allegations regarding *how* Hartford denied her coverage and benefits are "also sufficient" to state a cause of action under § 502(a)(1)(B). Based on the case law analyzed in its previous Memorandum Opinion (doc. 38), the court finds that they are.

Because Ms. Stewart is suing Hartford in Counts One and Two to recover coverage and benefits that she urges Hartford wrongfully denied her, this court finds that Ms. Stewart's allegations for her § 502(a)(3) claim are not "'substantively different' from the benefits sought under" her § 502(a)(1)(B) claim. *Katz v. Comprehensive Plan Of Grp. Ins.*, 197 F.3d 1084, 1088 n. 15 (11th Cir.

4

1999) (quoting *Katz v. ALLTEL Corp., et al.*, 985 F.Supp. 1157, 1161 (N.D. Ga. 1997)). As stated in *Beckham v. Liberty Life Assur. Co. of Boston*, 4 F. Supp. 3d 1266, 1271 (M.D. Ala. 2014), "[t]o allow the Plaintiff in this case to proceed on a claim for benefits and also equitable relief for misrepresentation as to the fiduciary's actions in *applying* the Plan, rather than a representation as to the *terms* of the Plan, regardless of the nature of the additional equitable remedies she has identified" would be an inappropriate diversion from controlling legal precedent in this Circuit.

To conclude, Ms. Stewart can pursue the benefits and coverage that she alleges Hartford wrongfully denied her pursuant to § 502(a)(1)(B). Congress provided her with an adequate remedy within that section. *See Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1288 (11th Cir. 2003). If no such cause of action were available to her, then she could pursue the breach of fiduciary claim under § 502(a)(3). *See Cigna Corp. v. Amara*, 563 U.S. 421, 438 (2011). But, because it *is* available, Ms. Stewart is precluded from seeking further remedy under § 502(a)(3).

Ms. Stewart failed to present "evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center*, 294 F. Supp. 2d at 1355. Thus, the

court finds no reason to reconsider its dismissal of her claim for breach of fiduciary duty, or its denial of her alternative motion to amend her complaint.

Therefore, the court **DENIES** her motion for reconsideration. (Doc. 42).

**DONE** and **ORDERED** this 3rd day of July, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE