IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAROL H. STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:17-CV-01423-KOB |
| ) | |
| HARTFORD LIFE & ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This ERISA matter comes before the court on plaintiff Carol Stewart's "Motion to Remove Pleadings, Documents and Orders from Seal." (Doc. 87). The following documents remain under seal in this case: Ms. Stewart's second motion for supplemental discovery and attachment (doc. 66); Ms. Stewart's memorandum in support of her second motion for supplemental discovery and attachments (doc. 67); Hartford's response in opposition to Ms. Stewart's second motion for discovery and attachment (doc. 74); Ms. Stewart's reply in support of second her motion for supplemental discovery (doc. 75); Ms. Stewart's motion to strike the declaration of Angela M. McDuffie (doc. 78); Hartford's response to Ms. Stewart's motion to strike the declaration (doc. 81); Ms. Stewart's reply in support of her motion to strike the declaration (doc. 82); this court's Memorandum Opinion on those two motions (doc. 82); and an exhibit to Hartford's motion for judgment produced as part of that discovery (doc. 95-3).

For the reasons set forth below, the court will **GRANT IN PART** and **DENY IN PART** the motion. The court will **DENY** the motion and will order documents 67-4, 67-5, 67-6, and 67-7, which contain the performance reviews of Hartford employees, to REMAIN UNDER SEAL. The court will **GRANT IN PART** and **DENY IN PART** the motion as to the following

1

documents: because the parties do not propose the sealing of or redactions to documents 67-2, 67-3, and 67-8, the court will order those documents UNSEALED. As to all other sealed documents, the court will order those documents to REMAIN UNDER SEAL but will order the parties to file REDACTED versions of those documents of record as described below.

## I.   Factual Background

In this ERISA case, plaintiff Carol Stewart sought—and the court allowed—extra-record discovery. (*See* doc. 56; 61). This court allowed discovery in part to clarify the role certain of defendant Hartford's employees played in denying Ms. Stewart's claim for life-waiver-of-premium (LWOP) benefits. Accordingly, this court ordered Hartford to respond to Ms. Stewart's requests for production of documents, which sought, *inter alia*, the performance reviews of certain Hartford employees.

The court entered a stipulated protective order after granting Ms. Stewart's motion for discovery. (Doc. 63). Ms. Stewart then filed under seal a second motion for discovery and attached to that motion documents produced by Hartford pursuant to Ms. Stewart's court-allowed discovery requests. The parties' briefing on that motion, a related motion to strike, and the court's memorandum opinion on those motions remain under seal.

Ms. Stewart has now moved to unseal those documents. She argues that Hartford cannot meet its burden of showing that the documents should remain under seal. Hartford argues in response that the performance reviews—and material from them—contain the private information of third parties and should remain under seal or be redacted.

In response to Ms. Stewart's motion, the court ordered the parties to meet and confer and to provide the court with proposed redactions of the sealed documents. The parties reached the following conclusion: they proposed that redacted versions of all sealed documents be filed of

record except for the performance reviews of Hartford employees, which they asked to remain under seal. The parties proposed different redactions to document 67-1, a written discovery request from Ms. Stewart to Hartford. The court accepts their proposed redactions. As to the disputed document 67-1, the court accepts Ms. Stewart's version of the proposed redactions.

## II.     Standard

The public enjoys a broad common-law right of access to both judicial proceedings and to "public records and documents." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). This right of access, however, "does not apply to discovery and, where it does apply, may be overcome by a showing of good cause." *Romero*, 480 F.3d at 1245. But "material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Romero*, 480 F.3d at 1245 (quoting *Chi. Tribune*, 263 F.3d at 1312).

The showing of good cause required to overcome the common-law right of access requires the court to balance "the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246. The court considers the following factors in determining if good cause exists to keep certain information confidential:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246 (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). And finally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero*, 480 F.3d at 1246

(citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). That privacy interest increases when the information involves third parties not involved in the litigation.

**III.     Analysis**

In this case, Hartford seeks to keep the performance reviews of its employees and information from those performance reviews confidential. The court concludes that Hartford has shown good cause to keep that information confidential. First, the performance reviews contain the personal information of non-parties to this action; and that information implicates the "legitimate privacy interests" of the non-party Hartford employees. *See Romero*, 480 F.3d at 1246.

Additionally, the information could potentially harm the employment or employment prospects of the non-party Hartford employees if the information became publicly available. Both the parties and the court have addressed the information in a publicly-available manner; namely, the parties' briefing and the court's Memorandum Opinion on the motions for judgment. And the information does not concern public officials or matters of public concern; it concerns the performance of non-party employees at a private company. Finally, "a less onerous alternative to sealing" most of the documents exists: the court's filing of versions of all documents—except for the performance reviews themselves—with information from the performance reviews redacted. *See Romero*, 480 F.3d at 1246.

Finally, the court also notes that it reached its decision on the motions for judgment without use of any of the performance reviews except for those of one employee: Ian Hardy. And the information in Ian Hardy's performance review did not impact the court's ultimate conclusion, because Mr. Hardy played no role in Hartford's final decision denying Ms. Stewart's

claim for LWOP benefits. These facts additionally support keeping the performance reviews and the material derived from them confidential.

Accordingly, the court concludes that the performance reviews of the Hartford employees should remain under seal. Because Hartford proposed redacting information in document 67-1 that does not implicate the privacy concerns explained above, the court will accept Ms. Stewart's version of the proposed redactions as to that document.

## V.     Conclusion

The court **GRANTS IN PART** and **DENIES IN PART** Ms. Stewart's motion to unseal certain documents. (Doc. 87). The court orders that the following documents—the performance reviews of non-party Hartford employees—shall REMAIN UNDER SEAL: documents 67-4, 67-5, 67-6, and 67-7. The court **DIRECTS** the Clerk to UNSEAL documents 67-2, 67-3, and 67-8. All other sealed documents shall REMAIN UNDER SEAL, but the court **ORDERS** the parties to file of record versions of those documents with information from the performance reviews REDACTED as proposed to the court. As to document 67-1, the parties shall file Ms. Stewart's version of the proposed redactions.

**DONE** and **ORDERED** this 6th day of May, 2021.

_/s/ Karon O. Bowdre_
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE